Slip Op. 00 - 133

UNITED STATES COURT OF INTERNATIONAL TRADE

- - - - - - - - - - - - - - - - - - -x

XEROX CORPORATION,                           :

                   Plaintiff, :

              v.                      :    Court No. 97-03-00435

                        :

UNITED STATES,                               :

                   Defendant.  :

- - - - - - - - - - - - - - - - - - -x

Memorandum & Order

[Defendant's motion to dismiss complaint for
 recovery of liquidated antidumping duties
 granted.]

Decided: October 19, 2000

Neville, Peterson & Williams (John M. Peterson, George W. Thompson and Curtis W. Knauss) for the plaintiff.

David W. Ogden, Assistant Attorney General; Joseph I. Liebman, Attorney in Charge, International Trade Field Office, Commerical Litigation Branch, Civil Division, U.S. Department of Justice (James A. Curley); and Office of Assistant Chief Counsel, U.S. Customs Service (George Brieger), of counsel, for the defendant.

AQUILINO, Judge:  Some five years after publication of the Antidumping Duty Order of Sales at Less Than Fair Value; Industrial Belts and Components and Parts Thereof, Whether Cured or Uncured, From Japan, 54 Fed.Reg. 25,314 (June 14, 1989), by the International Trade Administration, U.S. Department of Commerce ("ITA"), Inv. No. A-588-807, goods from Japan entered the port of Rochester, New York, consigned to the Xerox Corporation,

Nos. 818-0183467-2 (Sept. 22, 1994) and 818-0187011-4 (April 14, 1995). The entry summary of each, executed by the customhouse broker on Customs Form 7501, included specific reference to the aforesaid antidumping-duty order, with the rate thereunder stated to be 93.16 percent *ad valorem*. Duties at that rate and the other imposts upon importation were liquidated by Customs for both entries on June 7, 1996.

Xerox thereupon challenged the payment of the antidumping duties via timely formal protest, lodged with the Service pursuant to 19 U.S.C. §1514 and 19 C.F.R. Part 174 (1996), which was denied by Customs on the stated ground of "no supporting documentation". This action ensued with the filing and service of a summons and complaint. In the latter, the plaintiff pleads, among other things:

> 5. The merchandise which is the subject of this action consists of certain rubber and plastic feed belts which are used in the manufacture of photocopiers. . . .
>
> 6. The belts . . . are products of Japan.
>
> 7. The belts . . . are used to carry paper across the light-platen or digital scanner platen of a photocopier machine or digital multifunction printer.
>
> 8. The belts . . . are not used in the transmission of power.
>
> 9. The belts involved in this action are not reinforced with textile or other materials.
>
> * * *
>
> 16. As the imported belts which are the subject of this action are not used in power trans-

mission, and do not contain textile fiber (including glass fiber) or steel wire, cord or strand, they are not within the scope of the antidumping duty order against <u>Industrial Belts from Japan</u>.

Whereupon, the court is requested to order reliquidation of the entries with refund of the allegedly-inapposite antidumping duties.

I

Jurisdiction is pleaded under 28 U.S.C. §1581(a), which the defendant now challenges in a motion to dismiss pursuant to CIT Rule 12(b)(1).  Its gravamen is that plaintiff's merchandise called into question the precise scope of the antidumping-duty order, which subject matter Congress has made the responsibility of Commerce, not Customs.  And pursuant thereto, the ITA has and has had regulations, <u>e</u>.<u>g</u>., 19 C.F.R. §353.29(b) (1995), enabling importers like Xerox to file applications to determine whether particular products are within the purview of existing antidumping-duty orders.[1]  Also, Congress has provided for judicial review of such determinations per 19 U.S.C. §1516a(a)(2)(A)(ii) and (B)(vi) and 28 U.S.C. §1581(c) (1995).  Given this approach, and the fact that Xerox did not follow it, the defendant takes the position that this court has no jurisdiction to grant any relief -- pursuant to section 1581(a) or otherwise.

---

[1] Subsection (j) of that cited regulation provided for suspension of liquidation during the pendency of an ITA scope inquiry.

The plaintiff responds that the antidumping-duty order at bar is clear on its face, that the goods at issue just as clearly are not within its scope, and thus that Customs simply

> erred in carrying out its *ministerial* duty to ad-
> minister the order as published by the Commerce
> Department.  In contrast to the situation present-
> ed in <u>Sandvik, Inc. v. United States</u>, 164 F.3d 596
> (Fed.Cir. 1998), the case around which defendant's
> motion to dismiss is constructed, this action does
> not involve interpretation or clarification of the
> scope of the antidumping duty order; it merely in-
> volves a challenge to Customs' findings of fact,
> and the application of those facts to an order
> whose scope is clear and undisputed.[2]

However sound plaintiff's factual averments may be, they are not necessarily dispositive of its current predicament. To begin with, when a motion is made pursuant to CIT Rule 12(b)-(1), which

> denies or controverts the pleader's allegations
> of jurisdiction, . . . the movant is deemed to
> be challenging the factual basis for the court's
> subject matter jurisdiction.  . . . In such a
> case, the allegations in the complaint are not
> controlling, . . . and only uncontroverted factu-
> al allegations are accepted as true for purposes
> of the motion.

<u>Cedars-Sinai Med. Ctr. v. Watkins</u>, 11 F.3d 1573, 1583 (Fed.Cir. 1993) (citations omitted), <u>cert</u>. <u>denied</u>, 512 U.S. 1235 (1994). Moreover, in the opinion relied upon by the defendant and re-ferred to by the plaintiff, <u>supra</u>, the court of appeals affirmed

---

[2] Plaintiff's Response to Defendant's Motion to Dismiss, p. 2 (emphasis in original).  The quality of this written response obviates any need to grant plaintiff's motion for oral argument, which is therefore hereby denied.

decisions of the Court of International Trade which granted
government motions to dismiss for lack of subject-matter juris-
diction over actions seeking refunds from Customs for allegedly-
unwarranted exactions of antidumping duties.  See Fujitsu Ten
Corp. of America v. United States, 21 CIT 104, 957 F.Supp. 245
(1997), and Sandvik Steel Co. v. United States, 21 CIT 140, 957
F.Supp. 276 (1997), aff'd sub nom. Sandvik Steel Co. v. United
States, 164 F.3d 596 (Fed.Cir. 1998).  The circuit court held
that the

> detailed scope determination procedures that Com-
> merce has provided constitute precisely the kind
> of administrative remedy that must be exhausted
> before a party may litigate the validity of the
> administrative action.  Applying the exhaustion
> doctrine in the present situation "serves the
> twin purposes [of the doctrine] of protecting
> administrative agency authority and promoting
> judicial efficiency."

164 F.3d at 599-600, quoting McCarthy v. Madigan, 503 U.S. 140,
145 (1992).

        Both CIT decisions were published before this action
commenced.  In Fujitsu as apparently herein, Customs concluded
that an antidumping-duty order covered certain imports, and en-
tries were liquidated to include the duties prescribed by that
order.  The importer protested those liquidations with the Ser-
vice, but also filed a request with the ITA for a formal ruling
as to the scope of its order. While that ruling ultimately prov-
ed favorable to the importer, the ITA nonetheless recommended

that Customs deny the protests with respect to all entries that had been liquidated prior to the ruling request.  Whereupon suit was brought against both agencies.  Again in <u>Sandvik</u>, the Service concluded that an antidumping-duty order covered certain imports and acted accordingly, liquidating entries and collecting anti-dumping duties thereby.  The importer filed a protest, which Customs denied, and its court action ensued, alleging jurisdiction pursuant to 28 U.S.C. §1581(a) or (i).

Here, the plaintiff attempts to distinguish this action on the facts, but to little avail. As the court of appeals pointed out in <u>Sandvik</u>, although cases may be factually different, such difference

> is immaterial.  The basic principle applied in <u>Nichimen</u> and <u>Mitsubishi</u> is equally applicable to the present case:  that, as stated in <u>Nichimen</u>, the statute "exclude[s] antidumping determinations from the matters that can be protested to Customs."

164 F.3d at 602, referring to <u>Mitsubishi Elec. of America, Inc. v. United States</u>, 44 F.3d 973 (Fed.Cir. 1994), and quoting <u>Nichimen America, Inc. v. United States</u>, 938 F.2d 1286, 1290 (Fed. Cir. 1991).  Indeed, what the plaintiff would in effect now have is a judicial determination *ab initio* of the scope of the ITA's order, but Congress has not authorized such an approach for this court any more than it has for the Customs Service.

II

Hence, defendant's motion to dismiss for lack of sub-ject-matter jurisdiction must be granted.  Judgment will enter accordingly.

So ordered.

Decided:  New York, New York
          October 19, 2000

                                   _____
                                   Judge

J U D G M E N T

UNITED STATES COURT OF INTERNATIONAL TRADE

Thomas J. Aquilino, Jr., Judge

- - - - - - - - - - - - - - - - - - x

XEROX CORPORATION,                          :

                    Plaintiff, :

          v.                                :   Court No. 97-03-00435

                                            :

UNITED STATES,

                                            :

                    Defendant.              :

- - - - - - - - - - - - - - - - - - x


          This action having been duly submitted for decision;
and the court, after due deliberation, having rendered a deci-
sion herein;  Now therefore, in conformity with said decision,
it is


          ORDERED, ADJUDGED and DECREED that defendant's motion
to dismiss plaintiff's complaint be, and it hereby is, granted;
and it is further


          ORDERED, ADJUDGED and DECREED that this action be, and
it hereby is, dismissed.

Dated:  New York, New York
        October 19, 2000


                                    _____
                                                    Judge